UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEVEN COHEN,

Plaintiff,

v.

RICHARD WHITLEY, *et al.*,

Defendants.

Case No. 2:19-cv-01033-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (ECF No. 3) filed on June 24, 2019 and Complaint (ECF No. 1) filed on June 17, 2019.

## **BACKGROUND**

Plaintiff alleges that he was wrongfully terminated from his employment in violation of Title II of the Americans with Disabilities Act. Plaintiff alleges that Defendants terminated him for requesting a reasonable accommodation.

## **DISCUSSION**

### I. **Application to Proceed *In Forma Pauperis***

Plaintiff initially filed this instant action and paid the requisite $400.00 filing fee. ECF No. 1-2. Subsequently, he filed his application to proceed *in forma pauperis* (ECF No. 3) as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. §1915, the Court finds that Plaintiff is unable to pre-pay any additional filing fees. However, the initial $400.00 pre-paid filing fee shall not be refunded. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted henceforth.

### II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

1

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III.    Instant Complaint

As a preliminary matter, Plaintiff's complaint alleges claims of wrongful termination, and discrimination based on disability. He references an Equal Employment Opportunity Commission ("EEOC") investigation but failed to provide the requisite Notice of Right to Sue letter issued by the Commission. Thus, the Court will issue this Order as if Plaintiff has exhausted his administrative remedies. Plaintiff, however, must provide proof of such as detailed more fully below.

The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities. 42 U.S.C. § 12112(a). To qualify for relief under the ADA, a plaintiff must show that "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job she holds or seeks; and (3) that she suffered an adverse employment action because of her disability." *Puckett v. Park Place Entm't Corp.*, 332 F.Supp.2d 1349, 1352 (D. Nev. 2004) (citing *Braunling v. Countrywide Home Loans*, Inc., 220 F.33d 1154, 1156 (9th Cir. 2000)). A disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1)(A)-(C).

It appears that Plaintiff seeks to pursue claims of discrimination based on his disability. Although Plaintiff provides some factual description of the basis of his claim, his complaint does not sufficiently allege the legal theory under which he is pursuing his claim. For example, Plaintiff makes multiple references in his complaint to the EEOC record, but the Court does not have access to such record nor is it attached for reference. Additionally, Plaintiff does not

specify what disability he suffers from nor does he adequately assert that an adverse employment action occurred as a result of his disability. Therefore, the Court dismisses Plaintiff's complaint, with leave to amend to correct the noted deficiencies. Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his amended complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff, however, shall not be entitled to receive a refund of the initial filing fee previously paid, pursuant to 28 U.S.C. 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **August 30, 2019** to file an amended complaint correcting the noted deficiencies.

1  **IT IS FURTHER ORDERED** that Plaintiff shall have until **August 30, 2019** to provide the Court
2  with proof that he has exhausted all administrative remedies with the EEOC.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 31st day of July, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE