UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN COHEN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA— DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-01033-APG-EJY <br><br> **ORDER** <br> **and** <br> **REPORT AND RECOMMENDATION** <br><br> **Re: Amended Complaint (ECF No. 6), Request for Status Update (ECF No. 8)** |

Presently before the Court is Plaintiff Steven Cohen's Request for Status Update. ECF No. 8. On August 1, 2019, Magistrate Judge George Foley, Jr. granted Plaintiff's Application for Leave to Proceed *in forma pauperis* and dismissed Plaintiff's Complaint (ECF No. 1) without prejudice with leave to amend. ECF No. 4. Thereafter, Plaintiff timely filed his Amended Complaint (ECF No. 6), which the Court screens below.

**I.     Screening Plaintiff's Amended Complaint (ECF No. 6)**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Amended Complaint appears to allege claims of wrongful termination and discrimination based on disability under Title II of the Americans with Disabilities Act ("ADA"). ECF No. 6. Plaintiff also alleges that "[i]n addition to the ADAAA, by terminating an employee who had disclosed a disability, and [who had] followed Personnel's requests to demonstrate coverage under the ADAAA, Respondents concurrently violated Sections 501, 504, and 508 of the Rehabilitation Act of 1973." *Id*. at 4:12–14.

Specifically, Plaintiff claims that he:

> requested a tape recorder, or its technological successor, to record monthly Facility Outreach Community Integration Services (FOCIS) program meetings, for purposes of fulfilling the essential job function of preparing meeting minutes. On December 18th, 2018, Petitioner's health care provider submitted verifiable documentation to move the interactive process forward. . . . Respondent "The Division" only granted more time to complete the minutes, while not resolving the issue which formed the basis for the request. Additional evidence had been provided supporting additional concerns with fulfilling the essential functions of the job, as recently as December 26th, 2018. Despite Respondent "The Division"'s [sic] duty to participate in the interactive process, "The Division" instead terminated Petitioner's employment, effective January 2nd, 2019.

*Id*. at 3:19–28.

The Ninth Circuit confirms that "when viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment." *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999). Instead, Plaintiff's wrongful termination and discrimination claims based on disability should have been brought under

2

Title I of the ADA. "Congress created a comprehensive statutory scheme prohibiting employment discrimination. In Title II, headed 'Public Services," Congress prohibited governments from discriminating against disabled persons in providing services such as transportation or parks. Allowing employment discrimination claims under Title II would make Title I almost completely redundant as applied to public employees." *Id*. at 1171–72 (internal citation omitted).

Based on the foregoing, the Court recommends that Plaintiff's wrongful termination and disability discrimination claims under Title II of the ADA be dismissed with prejudice as amendment would be futile.

Moreover, even assuming Plaintiff brought this action under Title I of the ADA, he has not demonstrated exhaustion of his administrative remedies. *Leine v. California Dept. of Rehabilitation*, 205 F.3d 1351, *1 (9th Cir. 1999) ("Title I . . . has an exhaustion requirement, but Title II does not") (internal citation omitted).[1] Magistrate Judge Foley, Jr. stated in his August 1, 2019 Order that Plaintiff "references an Equal Employment Opportunity Commission ('EEOC') investigation but failed to provide the requisite Notice of Right to Sue letter issued by the Commission." ECF No. 4 at 3:9–11. In the Amended Complaint, Plaintiff not only fails to attach the EEOC's Notice of Right to Sue Letter again, but also references an "Information to Be Provided inquiry with the Nevada Equal Rights Commission (NERC) and EEOC on or about December 10th–11th, 2018" (ECF No. 6 at 2:22–23) and "an information gathering interview on March 1st, 2019" with the EEOC (*id*. at 2:25–26) without attaching documentation. Plaintiff must demonstrate, either through an allegation in his complaint or through attaching a right to sue letter, that he has exhausted his administrative remedies before the Court will proceed with this case under Title I of the ADA.

Finally, Plaintiff appears to bring a disability discrimination claim in violation of the Rehabilitation Act. Although "the Rehabilitation Act's provisions . . . do not require an employee to pursue any administrative relief," Plaintiff fails to sufficiently allege a factual or legal basis for this claim. *Zimmerman*, 170 F.3d at 1178. In order for Plaintiff to establish a *prima facie* case of

---

[1] This case is cited in accordance with FED R. APP. P. 36-3(c)(i), which states that "[u]npublished dispositions and orders of this Court issued before January 1, 2007 . . . may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law . . . ."

3

disability discrimination under the Rehabilitation Act, he must provide evidence that: "(1) he was disabled within the meaning of the Rehabilitation Act, 29 U.S.C. § 791; (2) he was otherwise qualified to perform the essential functions of his position with or without reasonable accommodation; and (3) an adverse employment decision was made against him solely because of his disability." *Kendall v. Mukasey*, 282 Fed.Appx. 527, 529 (9th Cir. 2008) (internal citation omitted). Plaintiff sufficiently alleges that he suffered an adverse employment action solely because of his disability, but fails to specify what disability he suffers from or that he was qualified to perform the essential functions of his position with or without reasonable accommodation. *Id*. The Court will therefore dismiss Plaintiff's disability discrimination claim under the Rehabilitation Act without prejudice with leave to amend to correct the noted deficiencies.

**II.     ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Request for Status Update (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (ECF No. 6) be dismissed without prejudice with leave to amend as to Plaintiff's disability discrimination claim under the Rehabilitation Act. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must file the Second Amended Complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

If Plaintiff chooses to file a second amended complaint, the document must be titled "Second Amended Complaint." Plaintiff must describe what disability he suffers from and sufficiently allege that he was qualified to perform the essential functions of his position with or without reasonable accommodation. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files a second amended complaint, the Amended Complaint (ECF No. 6) no longer serves any function in this case.  As such, the Second Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's Second Amended Complaint complete.

### III.   RECOMMENDATION

IT IS RECOMMENDED that Plaintiff's wrongful termination and discrimination claims based on Title II of the ADA, as alleged in his Amended Complaint (ECF No. 6), be dismissed with prejudice for the reasons stated above.

DATED THIS 4th day of December, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).