UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN COHEN,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants | Case No.: 2:19-cv-01033-APG-EJY<br><br>**Order (1) Denying Motion for Recusal, (2) Denying Petitions for Writ of Mandamus or Prohibition, (3) Extending the Deadline to Serve Defendants**<br><br>[ECF Nos. 13, 15, 17] |

    Plaintiff Steven Cohen previously worked for the State of Nevada, Department of Health and Human Services, Division of Health Care, Financing, and Policy. He sues his former employer, along with the Department of Administration, Division of Human Resource Management and the Department of Employment, Training, and Rehabilitation, Bureau of Vocational Rehabilitation. He contends he was released from employment in January 2019 in violation of Title I of the Americans with Disabilities Amendments Act because his employer did not engage in the interactive process to find a reasonable accommodation for his disability. ECF No. 10.

    Cohen requests that I recuse myself from presiding in this case because we both participate twice a year in a law-related education program for high-school students known as We the People. ECF No. 15. Cohen also filed an emergency petition for writs of mandamus or prohibition. He contends that he has secured employment with the State of Nevada, Department of Conservation and Natural Resources, Division of State Parks (Parks Department), with an anticipated start date of July 20, 2020. He asserts he needs emergency relief to adjust the step and grade of the Parks Department's offer of employment to reflect the step and grade he would

have if he had not been improperly terminated in January 2019.  Cohen also moves to reconsider Magistrate Judge Youchah's order denying his request for oral argument and for her to preside over the entire case.  In connection with his motions, he requested an extension of time in which to serve the defendants.

### A.  Recusal

Recusal in federal court is governed by 28 U.S.C. § 455.  Subsection 455(b) provides a list of circumstances in which a judge is required to recuse himself, including when "he has a personal bias or prejudice concerning a party . . . ."  Subsection 455(a) requires recusal when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  "The reasonable person is not someone who is hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotations omitted).

I deny Cohen's recusal request under § 455(b).  I do not recognize Cohen's name, I do not remember working with him on the We the People program, and I have no personal bias or prejudice for or against him.  I deny his recusal request under § 455(a) because our joint participation in a law-related education program twice a year, at which we may or may not even speak to each other, would not lead a reasonable person with knowledge of all the facts to question my impartiality.

### B.  Writ Petition

I deny Cohen's emergency writ petition because there is no emergency and no need for a writ.  Even if Cohen prevails on his claims such that his step and grade should be adjusted at his new job, he does not cite any law showing that cannot be accomplished retroactively or cannot be compensated through money damages.  He likewise does not explain why his requests to

vacate his termination and for damages or for a "cooling off period" for "any further case closure request" concerning him should not be resolved after the defendants have had an opportunity to appear and respond in this case.  Finally, I deny his request for a writ of mandamus "ordering the Legislative Branch and/or Governor to consider prospective changes" to Nevada law.  Federal courts are not in the business of ordering state legislatures and governors to consider changes in state law.

### C.  Service of Process

A review of the docket in this case shows that no summons has been issued and there is no proof of service on any defendant.  The deadline to file a proof of service for the second amended complaint expired on April 2, 2020.  Cohen states in his motion for oral argument and in his motion for reconsideration that it has been difficult to serve the defendants because of the COVID-19 pandemic.  I construe his motion for reconsideration as a request to extend the deadline to serve the defendants under Federal Rule of Civil Procedure 4(m), and I grant the request. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Under Federal Rule of Civil Procedure 4(b), Cohen must present a summons to the clerk for each defendant to be served.  A form summons (form AO 440) can be found on the court's website (www.nvd.uscourts.gov/court-information/forms/).  I refer Cohen to Federal Rule of Civil Procedure 4 for the requirements to properly serve the summons and second amended complaint on each defendant.  I will extend the deadline to serve the defendants until September 14, 2020.  If he does not properly serve them by that date, this lawsuit may be dismissed under Rule 4(m) without further notice.

**D. Conclusion**

I THEREFORE ORDER that plaintiff Steven Cohen's motion for recusal **(ECF No. 15) is DENIED.**

I FURTHER ORDER that plaintiff Steven Cohen's emergency petition for writs of mandamus or prohibition **(ECF No. 13) is DENIED**.

I FURTHER ORDER that plaintiff Steven Cohen's motion for reconsideration **(ECF No. 17) is GRANTED IN PART** in that I extend the deadline for him to properly serve the defendants to September 14, 2020. Failure to properly serve the defendants by that date will result in dismissal of this action without prejudice.

DATED this 14th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4