UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEVEN COHEN,

Plaintiff,

v.

UNITED STATES OF AMERICA—DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,

Defendants.

Case No. 2:19-cv-01033-APG-EJY

ORDER

Pending before the Court is Plaintiff Steven Cohen's Second Amended Complaint (ECF No. 10) and Emergency Motion to Extend Time or Provide Alternative Means for Service of Process Due to Covid-19. ECF No. 24. Over a year ago, on August 1, 2019, Magistrate Judge George Foley granted Plaintiff's Application for Leave to Proceed *in forma pauperis* and dismissed Plaintiff's original Complaint (ECF No. 1) without prejudice with leave to amend. ECF No. 4. Thereafter, Plaintiff timely filed his Amended Complaint after which the Court entered a Report and Recommendation recommending that Plaintiff's Amended Complaint (ECF No. 6) be dismissed without prejudice with leave to amend. ECF No. 9. Plaintiff timely filed a Second Amended Complaint (ECF No. 10), and the District Judge adopted the Court's Report and Recommendation four days later. ECF No. 11. Plaintiff's Second Amended Complaint is now screened.

**I.    Screening Plaintiff's Second Amended Complaint (ECF No. 10).**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court

1

liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Second Amended Complaint does not identify a cause of action. Rather, in the Conclusion, based on substantial facts alleged, Plaintiff states he was wrongfully terminated and is due lost wages and benefits. No cause of action is identified. Plaintiff does not mention the Americans with Disabilities Act or otherwise identify any recognized cause of action under Nevada law. Nonetheless, despite the failure to identify a cause of action, a liberal reading of the Second Amended Complaint appears to allege violations of the Americans with Disabilities Act ("ADA") and concomitant state law based on failures to accommodate and a discriminatory or, potentially, retaliatory discharge.

Thus, the Court assumes, as it did after reviewing Plaintiff's original Complaint, that Plaintiff is attempting to bring a claim under Title I of the ADA. ECF No. 4. The Court nonetheless notes that the Right-to-Sue notice Plaintiff attaches to his Second Amended Complaint is dated March 15, 2019. ECF No. 10 at 9. As stated on the face of the Right-to-Sue notice, Plaintiff had to file his suit within 90 days of receipt of the notice. *Id.*; *Marczuk v. Las Vegas Metropolitan Police Dept.*, Case No. 2:11–cv–00462–APG–CWH, 2013 WL 5564062, at *3 (D. Nev. Oct. 7, 2013) ("[B]efore a plaintiff can file an action for an alleged violation of Title VII, he must file a timely charge of discrimination and then file suit within ninety days of receiving a right-to-sue letter. 42 U.S.C. §

2000e–5(e)(1) & (f)(1)."). Plaintiff's Second Amended Complaint was clearly filed long after the 90 day period that followed the date on his Right-to-Sue notice. For this reason, Plaintiff's Second Amended Complaint only survives if it relates back to his original Complaint filed on June 17, 2019.[1]

**II.   Plaintiff's Complaint Relates Back to his Original Complaint and Plaintiff is Given One Last Opportunity to Serve his Second Amended Complaint**.

Rule 15(c) of the Federal Rules of Civil Procedure states: "[a]n amendment to a pleading relates back to the date of the original pleading" in three circumstances. First, relation back is permitted if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Here, the Court found no law providing the statute of limitations expressly allows relation back in Title I ADA cases. Second, relations back is permitted if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c)(1)(B) is satisfied.[2]

As stated by the Court on August 1, 2019, "Plaintiff's complaint alleges claims of wrongful termination, and discrimination based on disability. He references an Equal Employment Opportunity Commission ("EEOC") investigation but failed to provide the requisite Notice of Right to Sue letter issued by the Commission. Thus, the Court will issue this Order as if Plaintiff has exhausted his administrative remedies. Plaintiff, however, must provide proof of such as detailed more fully below." ECF No. 4. The August 1, 2019 Order further stated: "Plaintiff shall have until **August 30, 2019** to provide the Court with proof that he has exhausted all administrative remedies with the EEOC." *Id*. (emphasis in original).

Plaintiff filed an Amended Complaint on August 29, 2019, and stated that the Right-to-Sue notice was received on March 19, 2019. ECF No. 6 at 3. Therefore, Plaintiff complied with the

---

[1] Although Plaintiff fails to identify a cause of action, the Second Amended Complaint is not futile as there are clearly a set of facts that state a claim. Plaintiff's failure is not clearly identifying the cause of action or actions under which he seeks relief. *Baker v. Pacific Far East Lines, Inc.,* 451 F.Supp. 84, 89 (N. D. Cal. 1978) (a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense). For this reason, in accordance with well settled law, the Court does not dismiss this *pro se* plaintiff's Second Amended Complaint.

[2] Because the second basis for relation back is satisfied, the Court does not discuss the third basis provided by the Rule.

3

1  Court's August 1, 2019 Order.  However, Plaintiff's Amended Complaint was dismissed without
2  prejudice for failure to state a claim because he asserted his cause of action under the wrong ADA
3  Title—a title that provides no relief to Plaintiff.  ECF No. 11 (adopting the Report and
4  Recommendation) issued on January 7, 2020).  Plaintiff then timely filed his Second Amended
5  Complaint, which was four days before the Court entered the Order adopting the recommended
6  dismissal with leave to amend.  ECF Nos. 9 and 10.

7  Plaintiff had 90 days from the filing of the Second Amended Complaint to attempt to serve
8  Defendants.  Fed. R. Civ. P. 4(m).  Plaintiff did not seek a summons until July 15, 2020, more than
9  seven months after his Second Amended Complaint was filed.  *Compare* ECF Nos. 10 *and* 20.  In
10 fact, Plaintiff took no steps to attempt to serve Defendants before August 21, 2020.  ECF No. 24 at
11 2.  Plaintiff explains this failure by stating the Court shut down in mid-March (*id*.), but that is not
12 accurate.   General Order 2020-2, issued on March 13, 2020, provides guidance regarding
13 appearances and access to the Courthouse expressly advising that if an individual has any question
14 "related to the U.S. District Court" they are asked to "please contact the Clerk's Office in Las Vegas
15 at (702) 464-5453."  General Order 2020-3 issued on March 16, 2020, provides information
16 regarding trials and criminal matters, but states that the Order "does not affect other aspects of the
17 District's court operations."  The Courthouse was never closed.

18 This is a case in which Plaintiff was given two opportunities to amend, did so, but made no
19 effort to serve for eight months after the Second Amended Complaint was filed despite filing his
20 Second Amended Complaint two full months before the first case of Covid-19 was reported in
21 Nevada on March 5, 2020.   https://www.reviewjournal.com/investigations/6-months-after-first-
22 nevada-case-covid-data-takes-positive-turn-2111682/.   This delay is hard to overlook.   The law
23 "presumes prejudice from unreasonable delay."  *In re Phenylpropanolamine (PPA) Prods. Liab.*
24 *Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  This is especially true given that, while Plaintiff's
25 Second Amended Complaint is not futile (*see* n.1), this is his third attempt to plead a claim and the
26 attempt is possibly subject to dismissal based on his failure to identify a cause of action.

27 Nevertheless, Plaintiff's Motion seeking to extend the time to serve his Second Amended
28 Complaint does explain in detail why Plaintiff, who is proceeding *pro se*, reasonably believed he

4

could not serve Defendants, and remains unable to serve Defendants, due to Covid-19. ECF No. 24. The Court finds this explanation is sufficient to establish good cause under Rule 4(m) for an extension of time to serve. The Court provides Plaintiff one last opportunity during which time he must serve his Second Amended Complaint.

**III.   ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Second Amended Complaint may proceed as liberally construed.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion to Extend Time or Provide Alternative Means for Service of Process Due to Covid-19 (ECF No. 24) is GRANTED; provided, however, Plaintiff **must serve his Second Amended Complaint within 30 days from the date of this Order**. Plaintiff is referred to Fed. R. Civ. P. (j)(2)(B) and Nev. R. Civ. P. 4.2(d) regarding service of process on the State of Nevada. Failure to comply with this Order will result in a recommendation to dismiss Plaintiff's Second Amended Complaint with prejudice.

Dated this 8th day of September, 2020.

ELAYNA J. YOUCHAH  
UNITED STATES MAGISTRATE JUDGE