AARON D. FORD
  Attorney General
IAN CARR, Bar No. 13840
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-1250
Fax:(775) 684-1108
E-mail:  icarr@ag.nv.gov

*Attorneys for Defendants, Nevada Department of Administration's Division of Human Resource Management, and Nevada Department of Employment, Training, and Rehabilitation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN COHEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　　Defendants. | Case No.  2:19-cv-01033-APG-EJY<br><br>**DHRM AND DETR DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE** |

Defendants, the Nevada Department of Administration's Division of Human Resource Management (DHRM), and the Nevada Department of Employment, Training, and Rehabilitation (DETR), by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Ian Carr, Deputy Attorney General, hereby move to dismiss or alternatively strike Plaintiff Steven Cohen's (Cohen) "Fourth Amended Petition for Judicial Review/Complaint/Writs of Mandamus and/or Prohibition" (Complaint).  This Motion is brought pursuant to Federal Rule of Civil Procedure 12 on the basis that dismissal is required as a matter of law.  This Motion is based on the following Memorandum of Points and Authorities and all papers and pleadings on file in this action.

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff Steven Cohen (Cohen) alleges he was improperly discharged from a State of Nevada employment program he had enrolled in based on his alleged disability. However, Cohen's allegations, claims, and pleading are deficient as a matter of law for at least eight separate and distinct reasons.

First, Cohen failed to sign his operative pleading. Under applicable court rules, an unsigned pleading is defective and must be stricken. Second, Cohen has sued immune entities. State of Nevada agencies are categorically immune to Cohen's disability claim because of the unabrogated protection conferred by the Eleventh Amendment. Third, Cohen's demand for injunctive relief is moot. Cohen's requested relief lacks a sufficient nexus to his allegations and is ineffective against a nonparty in this context. Fourth, Cohen has targeted improper parties for civil rights claims. State of Nevada agencies cannot be subject to civil rights claims due to blanket protection of the Eleventh Amendment.

Fifth, Cohen failed to properly exhaust administrative remedies. The face of Cohen's pleading reflects a lack of appropriate documentation, as well as procedural concessions. Sixth, the law of the case doctrine bars Cohen's attempt to revive his dismissed claims. Previous orders of this Court disposed of Cohen's claims, and he failed to cure their fundamental defects. Seventh, Cohen fails to state claims upon which relief can be granted. Cohen's allegations cannot sustain the basic elements of disability or civil rights claims as a matter of law. Eighth, qualified immunity bars Cohen's civil rights claims. The elements for qualified immunity are satisfied in this case, because under Cohen's allegations, no objectively reasonable state actor in the State of Nevada agencies' positions could have been on clear notice that their actions in this case somehow violated Cohen's Fourteenth Amendment rights.

For these reasons and those argued more fully below, this Court should grant DHRM and DETR judgment as a matter of law.

///

## II. PROCEDURAL HISTORY/STATEMENT OF ALLEGED FACTS[1]

This is a *pro se* employment civil rights case brought by Cohen against State of Nevada agencies DHRM and DETR. Cohen's claims include a Title I Americans with Disabilities Act (ADA) claim, a Fourteenth Amendment due process claim, and a Fourteenth Amendment equal protection claim. *See* ECF No. 19 at 7–9. Cohen's demanded remedies include compensatory and punitive damages, as well as injunctive relief. *See id.* at 9–10. Cohen sought State of Nevada-sponsored employment accommodations based on his alleged autism spectrum disorder ("Asperger's Syndrome"). *See id.* at 2:16–27.

On June 17, 2019, Cohen submitted an initial complaint. *See generally* ECF No. 1. On August 1, 2019, the Court dismissed the initial complaint without prejudice. *See generally* ECF No. 4. On August 29, 2019, Cohen submitted a first amended complaint. *See generally* ECF No. 6. On January 3, 2020, Cohen submitted a second amended complaint. *See generally* ECF No. 10. On January 7, 2020, the Court dismissed Cohen's Title II ADA claim with prejudice, and the balance of the first amended complaint without prejudice. *See generally* ECF No. 11. On July 13, 2020, Cohen superseded his second amended complaint by submitting a "Third Amended Emergency Petitions for Writs of Mandamus and/or Prohibition." *See generally* ECF No. 13. The next day, the Court dismissed the "Third Amended Emergency Petitions for Writs of Mandamus and/or Prohibition." *See generally* ECF No. 18. The following day, Cohen submitted the instant Complaint. *See generally* ECF No. 19.

Cohen alleges as follows: Cohen has an autism spectrum disorder ("Asperger's Syndrome"). *See id.* at 2:16–27. In 2006, Cohen moved to Nevada and established a "case history" of seeking employment accommodations from DETR. *See id.* From 2008 to 2016, Cohen pursued an undergraduate diploma from various schools while contemporaneously working jobs secured for him by DETR. *See id.* at 3. Cohen initially worked at a grocery

---

[1] The Statement of Alleged Facts is based on the allegations in Cohen's Complaint. None of the statements or arguments in this brief, which are based on Cohen's allegations, should be construed as admissions of fact on behalf of DHRM and DETR.

3

store, but was fired by 2011. *See id.* at 3:11–13. Cohen returned to DETR to seek new jobs from his counselors. *See id.* at 3. By 2018, Cohen had enrolled in a State of Nevada employment "700 Hour Program," which would have made him eligible for a "permanent" State of Nevada job if successful. *See id.* at 3–4. However, after two negative performance reviews, Cohen's case was "closed" and he had to start a new case "from scratch." *See id.* at 5:25–26. In April 2018, Cohen filed a personnel grievance against his supervisors, but it was dismissed. *See* ECF No. 19 at 6–7. On January 2, 2019, Cohen was fired. *See id.* at 6:20–25. By March 2019, Cohen had filed an Equal Employment Opportunity Commission (EEOC) complaint against DHRM, which eventually issued him a "Right to Sue Letter." *See id.* at 6:13–19. Despite this, by July 2020, Cohen was hired by another State of Nevada agency. *See id.* at 7:11–18.

DHRM and DETR now move to dismiss Cohen's claims as a matter of law, and, alternatively, move to strike Cohen's Complaint in its entirety.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of claims for lack of subject matter jurisdiction. Defenses based on lack of subject matter jurisdiction can be raised at any time. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (internal citations omitted).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, a court takes as true all allegations of material fact stated in the complaint, and a court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by

identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV.  ARGUMENT[2]

   A.  Cohen Failed to Sign the Complaint, Voiding It Automatically

The Federal Rules of Civil Procedure empower this Court with the discretion to strike any improperly filed document that is "redundant, immaterial, impertinent, or scandalous." *See* FED. R. CIV. P. 12(f). Under the rules, every paper filed with the Court must be signed by a party or the party's attorney of record. *See* FED. R. CIV. P. 11(a). The applicable Local Rules of Practice for the United States District Court for the District of Nevada also require a party or an attorney of record filing a document to be a signatory, and provide authority to strike documents in violation of the rules. *See* LR IC 5-1(b) ("The signatory must be the attorney or pro se party who electronically files the document."); *see also* LR IC 7-1 ("The [C]ourt may strike documents that do not comply with these rules.").

Here, Cohen submitted a wholly unsigned pleading. *See* ECF No. 19 at 10 (no signature of any type present on the signature block). Cohen's Complaint was filed without a signature in direct violation of Federal Rule of Civil Procedure 11(a), and it is "redundant, immaterial, [and] impertinent." *See* FED. R. CIV. P. 12(f). Because Cohen's Complaint fails to bear any signature whatsoever, the Court should strike it as facially deficient. *See* FED. R. CIV. P. 11(a); *see also* IC 5-1(b); *see also* LR IC 7-1.

/ / /

---

[2] DHRM and DETR reserve the right to assert additional affirmative defenses in subsequent pleadings or motion briefs, or after having taken discovery (including reasserting qualified immunity), if necessary.

5

Therefore, the Complaint is insufficient as a matter of law, and the Court should strike the Complaint in its entirety.

### B.     Cohen Has Sued Immune Entities

Suits against states for money damages pursuant to the ADA Title I are barred as a matter of law. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) ("We hold that such suits are barred by the Eleventh Amendment"). Title I of the ADA does not abrogate the immunity conferred upon states by the Eleventh Amendment. *See id*. In enacting Title I of the ADA, Congress expressly upheld the states' Eleventh Amendment immunity against money damages. *See id*. at 373–74.

Here, Cohen sues DHRM and DETR, as State of Nevada agencies, for money damages arising from his ADA Title I claim. *See* ECF No. 19 at 7–10. However, money damages against DHRM and DETR are barred as a matter of law, based on Eleventh Amendment immunity. *See Garrett*, 531 U.S. at 373–74.

Because DHRM and DETR are categorically immune to Cohen's ADA Title I claim by operation of the Eleventh Amendment, the Court should dismiss it in its entirety, with prejudice.

### C.     To the Extent Cohen Demands Injunctive Relief, It Is Moot

A case becomes moot (and therefore non-justiciable) when it no longer presents live issues or the parties lack a legally cognizable interest in its adjudication. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal citations omitted). Specifically, mootness occurs when no effective relief for an alleged violation can be given. *See Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 957 F.3d 1024, 1032 (9th Cir. 2020) (internal citation omitted).

In this case, Cohen admits that he has been hired by another State of Nevada agency (not a party to this case). *See* ECF No. 19 at 7:11–18. Cohen demands that his new employer amend his job offer to increase his salary. *See id*. at 9:25–28. However, Cohen's new employer is not a party to this case, Cohen asserts no allegations of wrongdoing[3] against it, and DHRM and DETR no longer have the ability to alter Cohen's

---

[3] At the time Cohen submitted the Complaint, he had yet to start working at his new job. *See* ECF No. 19 at 7. Even so, Cohen demanded "administrative leave with pay"

6

salary at a separate State of Nevada agency. Furthermore, because Cohen's new employer is a nonparty and could not be subject to injunctive relief based on the relation-back doctrine,[4] Cohen's case lacks a sufficient nexus between his allegations and his demands to justify injunctive relief. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (internal citation omitted) (requiring a nexus between the alleged wrongdoing and the requested relief).

Because Cohen's demanded relief is moot and lacks a nexus to the allegations in his Complaint, the Court should dismiss his injunctive relief claims with prejudice.

### D. As Subdivisions of the State of Nevada, DHRM and DETR Are Improper Defendants for Civil Rights Claims

States are not persons for purposes of 42 U.S.C. § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014), cert. denied, 135 S. Ct. 980 (2015); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Section 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Furthermore, a governmental agency that is an arm of the state is not a person for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *cf. Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991) (explaining that agencies that are arms of the state are entitled to the same immunity from suit as the state because "'the state is the real, substantial party in interest'" (citation omitted)).

---

to continue to litigate this case. *See id*.
  [4] *See* FED. R. CIV. P. 15(c).

DHRM and DETR[5] are not persons subject to suit under 42 U.S.C. § 1983, and are immune from such claims. *See Howlett*, 496 U.S. at 365. Therefore, Cohen's civil rights claims against those entities are not cognizable, are futile for Cohen to continue to assert or reassert, and DHRM and DETR respectfully request that the Court dismiss those claims with prejudice.

### E. Cohen Admits He Failed to Properly Exhaust Administrative Remedies, Barring his Claims

Congress modeled Title I of the ADA after Title VII of the Civil Rights Act's employment provisions. *See Zimmerman v. Or. Dep't of Justice*, 170 F. 1169, 1178 (9th Cir. 1999) (internal citations omitted). Therefore, Title I claims include a requisite administrative exhaustion requirement, because they incorporate Title VII's requirements by reference. *See* ECF No. 9 at 3:9–21 (explaining the exhaustion requirement). Although the administrative exhaustion doctrine is generally construed as an affirmative defense, courts recognize circumstances under which a failure to exhaust is apparent from the face of a pleading. *Cf. Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (internal citations omitted) (recognizing facial failure to exhaust in the context of the Prison Litigation Reform Act (PLRA)).

Cohen's failure to exhaust is apparent from the face of his Complaint. Here, Cohen wholly fails to attach the required "Right to Sue Letter" as required by the Court. *See generally* ECF No. 19 (providing no exhibits); *see* ECF No. 9 at 3:9–21. Cohen alleges he possesses such a letter or attached to it one of his prior pleadings, but the amended version of his Complaint offers no documentation. An amended pleading must be complete in and of itself, without reference to any prior superseded pleadings. *See* LR 15-1(a). Furthermore, Cohen admits that his personnel grievance was dismissed prior to hearing, and that he failed to complete the administrative process. *See* ECF No. 19 at

---

[5] To the extent Cohen asserts civil rights claims against another State of Nevada agency, such as the Nevada Department of Health and Human Services (DHHS), which Cohen has thus far failed to serve, those claims are futile for the same reasons. By extension, *Howlett*'s and *Garrett*'s reasoning also applies to DHHS in the context of Cohen's ADA Title I claim. *See supra* at § IV.B.

8

7:1–10 ("However, upon motion of Respondents' counsel to dismiss . . . the Hearing Officer dismissed that request on April 25, 2018").

Furthermore, Cohen was required by Nevada law to pursue administrative remedies from a Nevada district court in the first instance, rather than seeking administrative remedies from this Court:

> 1. An individual with a disability applying for or receiving vocational rehabilitation services from the Bureau who is aggrieved by any act, determination or omission of the Bureau is entitled, in accordance with regulations, to a fair hearing before a hearing officer.
>
> 2. An individual with a disability who is aggrieved by the decision of a hearing officer is entitled to judicial review of the decision in the manner provided by chapter 233B of NRS.

*See* NRS 615.280. Cohen admits he failed to secure an administrative hearing as required by NRS 615.280(1), and he further admits he asks this Court for judicial review[6] of Nevada agencies' administrative decision. *See* ECF No. 19 at 7 ("Due to an immunity clause in the State's Administrative Procedure Act . . . Petitioner seeks judicial review of that decision"). Cohen had available Nevada-specific legal mechanisms to exercise in order to exhaust his administrative remedies, but he refused to utilize them.

Because Cohen's admissions amount to a concession of failure to exhaust, the Court should dismiss the ADA Title I claim in its entirety.

### F. The Law of the Case Doctrine Bars Cohen's Claims

Under the law of the case doctrine, federal courts generally "'refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case.'" *See East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1261 (9th Cir. 2020) (internal citations omitted).

The Court previously dismissed Cohen's claims and portions of claims, including rulings on Cohen's facially-apparent failure to exhaust and Cohen's insufficient

---

[6] Even if Cohen had properly exhausted his available administrative remedies pursuant to NRS 615.280 and secured a final decision from a Nevada district court and the Nevada Supreme Court, absent any contrary authority, Cohen's request for this Court's judicial review of such a decision would probably violate the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003) (internal citations omitted).

justification for injunctive relief and extraordinary writ relief.  *See* ECF Nos. 9, 11, 18. Cohen failed to cure these defects in the instant Complaint.  *See generally* ECF No. 19 (offering no "Right to Sue Letter" or compelling rationale for injunctive or extraordinary writ relief).  Because Cohen reiterates the same claims previously dismissed in nearly unaltered form, the principle of consistency embodied by the law of the case doctrine requires dismissal.  *See East Bay Sanctuary Covenant*, 950 F.3d at 1261–62.

Because the law of the case doctrine forbids Cohen from reviving dismissed claims without curing their defects, the Court should dismiss the claims in their entirety.

### G. Cohen Fails to State Claims upon which Relief Can Be Granted

#### 1. ADA Title I Claim

To sustain an ADA employment discrimination claim, a plaintiff must show (1) he is disabled within the meaning of ADA, (2) he is qualified for the job, and (3) he was discriminated against because of his disability.  *See Amerson v. Clark Cnty.*, 995 F. Supp. 2d 1155, 1163 (D. Nev. 2014) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)); *see also* 42 U.S.C. § 12112(a).  Furthermore, a plaintiff must show that his disability "substantially limits one or more major life activities[.]"  *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (internal citations omitted); *see also* 42 U.S.C. § 12102(1)(A).

Cohen fails to allege his autism spectrum disorder ("Asperger's Syndrome") disables him within the meaning of the ADA.  Cohen's allegations are bereft of any indications that his disorder adversely affects any of his major life activities.  *See generally* ECF No. 19.  Cohen admits he has held multiple jobs since moving to Nevada, and successfully graduated from a State of Nevada public school with an undergraduate diploma in accounting.  *See id*. at 2–5.  Cohen alleges he requested and was denied a reasonable accommodation of a "tape recorder" at one job, but he fails to explain how this request constitutes an accommodation related to his purported disability.  *See id*. at 5:18–27.

/ / /

Cohen's ADA claim is also deficient for want of causation. Cohen fails to explain how he was discriminated against because of his alleged disability; instead, Cohen describes prosaic workplace squabbles that led to negative performance reviews. *See id.* at 5:1–17 (discussing Cohen's dispute with a coworker over which was responsible for an erroneous job task). On one occasion, Cohen admitted to fault as to a negative performance review. *See id.* at 5:14–17. Paradoxically, Cohen admits to securing a separate State of Nevada job. *See id.* at 7.

Furthermore, Cohen demands damages against DETR for alleged failure to stop his termination from DHRM as being legally insufficient and for improper closure of his case with DETR in 2018. *See* ECF No. 19 at 7–9. However, Cohen cited to no duty by DETR to prevent his termination from DHRM as being legally insufficient, nor does it appear that he can do so, as no duty appears to exist. *See generally* ECF No. 19 (offering no authority to suggest DETR could stop DHRM from terminating Cohen or that his termination from DHRM was legally insufficient).

Because Cohen's ADA Title I claim is defective for lack of a viable ADA-qualifying disability and lack of causation, the Court should dismiss the claim in its entirety.

**2.  Equal Protection and Due Process Claims**

Disabled individuals are not members of a suspect class for the purposes of Fourteenth Amendment claims. *See Does 1-5 v. Chandler*, 83 F.3d 1150, 1155–56 (9th Cir. 1996) (internal citations omitted). In this context, acts alleged to have violated the equal protection clause and the due process clause need only satisfy a rational basis test to defeat claims. *See id.*

As argued above, Cohen fails to allege a set of circumstances that indicate he was fired due to his alleged disability. *See supra* at § IV.G.1. Under a rational basis analysis, Cohen's allegations amount to a firing due to his negative performance reviews. *See* ECF No. 19 at 5–7 (describing Cohen's disputes with coworkers and supervisors). Furthermore, Cohen describes a full suite of due process mechanisms that were available to him, which he attempted to utilize in the form a personnel grievance. *See id.* at 6–7.

11

Because Cohen's Fourteenth Amendment claims fail under a rational basis analysis, the Court should dismiss them in their entirety.

### H.     DHRM and DETR Are Entitled to Qualified Immunity

In 42 U.S.C. § 1983 actions, qualified immunity protects state officials from civil liability for damages resulting from discretionary acts, as long as those acts do not violate clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). Qualified immunity is not just a defense to liability, but it is also "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Originally, courts were constrained to follow the formula outlined by the United States Supreme Court in *Saucier v. Katz*, which required that: (1) the court must first determine whether the facts as pled point to a constitutional violation, and (2) if so, then the court must decide whether the constitutional right was clearly established at the time of the alleged violation. 533 U.S. 194, 201 (2001). The inquiry ended if the first prong was not met. *Id*. However, the United States Supreme Court has since instructed lower courts that they may follow the *Saucier* formula, or they can elect to take the two parts out of order and examine the knowledge component first, ending the inquiry if the defendant would not have had notice of a constitutional violation. *Pearson v. Callahan*, 555 U.S. 233, 240–42 (2009).

Under a qualified immunity analysis, clearly established law "should not be defined 'at a high level of generality.'" *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal citation omitted); *see also S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017) (quoting *White*, 137 S. Ct. at 551). "[T]he clearly established law must be 'particularized' to the facts of the case." *Id*. A plaintiff cannot deprive defendants of entitlement to qualified immunity by alleging violations of extremely abstract rights. *See id*. A defendant is not required to foresee judicial decisions that do not yet exist, where the requirements of law are far from obvious. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1154 (2018) (internal citations omitted). In a new opinion, the Supreme Court has reaffirmed

that clearly established law must not be defined at a high level of generality for the purposes of qualified immunity. *See City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503, 2019 WL 113027 at *2–*3 (January 7, 2019) (citing *Kisela*, 138 S. Ct. at 1152).

Here, no constitutional violation was committed with respect to Cohen's Fourteenth Amendment equal protection and due process claims, because Cohen's allegations do not indicate discrimination on the basis of his disability or deprivation of due process. *See supra* at § IV.G.1, IV.G.2. However, even assuming that a constitutional violation occurred, it is not clearly established that firing Cohen for negative job performance fails a rational basis test. *See id.*; *see also Does 1-5*, 83 F.3d at 1155–56. In order to deny DHRM and DETR qualified immunity, Cohen must show that relevant authorities placed DHRM's and DETR's actions "beyond debate" as to constitutionality, which he cannot do. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal citations omitted).

Because no constitutional violation occurred, and because it is not clearly established that DHRM and DETR acted unconstitutionally as to Cohen, this Court should grant them qualified immunity.

## V.     CONCLUSION

Cohen alleges that DHRM improperly fired him from the employment program he was offered based on his alleged autism spectrum disorder ("Asperger's Syndrome"). However, Cohen's own admissions reveal that DHRM and DETR assiduously assisted him in securing job placements for years. The Complaint reveals that Cohen's behavior and disputes with his coworkers and supervisors led to his discharge, not any discrimination based on his alleged disability. Despite Cohen's pattern of self-sabotage, he does not hesitate to leverage the job experience and career development he gained with DHRM and DETR to secure a new State of Nevada job with another agency, while brazenly demanding his new employer provide "administrative leave" accommodations to help him sue his old employers. The same paradoxical positions Cohen took in the workplace now scuttle his litigation.

As argued above, Cohen's Complaint and this case are insufficient as a matter of law for eight separate and distinct reasons. First, Cohen's unsigned pleading offers an automatic basis to strike. Second, the Eleventh Amendment shields DHRM and DETR from Cohen's disability claim. Third, Cohen has conceded that demanded injunctive relief is moot. Fourth, DHRM and DETR are not subject to Cohen's asserted civil rights claims. Fifth, Cohen's failure to properly exhaust administrative remedies is readily apparent. Sixth, the law of the case doctrine bars Cohen's revived claims. Seventh, Cohen fails to state claims upon which relief can be granted. Eighth, DHRM and DETR are entitled to qualified immunity based on the allegations alone, because no constitutional violations occurred, and DHRM and DETR or any reasonable state actor could not have had notice that any of their actions were violations of clearly established law.

For these reasons, DHRM and DETR respectfully request that the Court grant their Motion to Dismiss in its entirety and dismiss this case with prejudice, or alternatively grant their Motion to Strike and strike Cohen's Complaint in its entirety.

DATED this 14th day of September, 2020.

AARON D. FORD
Attorney General

By: */s/ Ian Carr*
IAN CARR (Bar No. 13840)
Deputy Attorney General

*Attorneys for Defendants, Nevada Department of Administration's Division of Human Resource Management, and Nevada Department of Employment, Training, and Rehabilitation*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 14th day of September, 2020, I filed the foregoing, **DHRM AND DETR DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE**, by this Court's CM/ECF system. Parties will be notified by the Court's notification system.

Steven Cohen
10139 Donald Weese Ct.
Las Vegas, NV 89129
Steven.Cohen@Alumni.UNLV.edu

*/s/ Karen Easton*
An employee of the
Office of the Attorney General