AARON D. FORD
　Attorney General
IAN CARR, Bar No. 13840
　Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-1250
Fax:(775) 684-1108
E-mail:  icarr@ag.nv.gov

*Attorneys for Defendants, Nevada Department of Administration's Division of Human Resource Management, and Nevada Department of Employment, Training, and Rehabilitation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN COHEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　　Defendants. | Case No.  2:19-cv-01033-APG-EJY<br><br>**REPLY IN SUPPORT OF DHRM AND DETR DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE (ECF No. 26)** |

　　　　Defendants, the Nevada Department of Administration's Division of Human Resource Management (DHRM), and the Nevada Department of Employment, Training, and Rehabilitation (DETR), by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Ian Carr, Deputy Attorney General, hereby reply in support of their Motion to Dismiss, or in the Alternative, Motion to Strike (ECF No. 26) (Motion to Dismiss) Plaintiff Steven Cohen's "Fourth Amended Petition for Judicial Review/Complaint/Writs of Mandamus and/or Prohibition" (ECF No. 19)  (Complaint). This Reply is based on the following Memorandum of Points and Authorities and all papers and pleadings on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. ARGUMENT**

### A. Introduction

On September 25, 2020, Plaintiff filed his Opposition to Defendants' Motion to Dismiss. *See generally* ECF No. 29. Plaintiff demanded alternative relief in the form of a "Counter-Motion for Leave to Amend" and "Counter-Motion for an Order to Show Cause and Hearing as to why Writ Relief should not Issue, or, in the Alternative, Reconsideration of Dismissal of the Writs[.]" *See id.* at 1. The Court construed Plaintiff's demands as separate motions (*see* ECF Nos. 30, 32) and denied Plaintiff's demand for a show-cause hearing. *See* ECF No. 33. Defendants will respond separately to Plaintiff's demand for leave to amend.

### B. Plaintiff's Procedural Arguments

Plaintiff first argues that he should be given leave to amend his defective Complaint as a matter of course. *See* ECF No. 29 at 7. However, amendment as a matter of course applies only to the first attempted amended pleading (*see* Fed. R. Civ. P. 15(a)(1)); Plaintiff's new proposed amended complaint would constitute his fifth attempt. *See generally* ECF No. 28. As argued in Defendants' Motion to Dismiss, Plaintiff's Complaint (the only version of which he formally served) is defective as a matter of law and must be stricken. *See* ECF No. 26 at 5:10–25. Defendants will address the futility of Plaintiff's new proposed amended complaint separately in response to his demand for leave (ECF No. 30).

### C. Plaintiff's Substantive Arguments

Plaintiff asserts a "Statement of Facts" reiterating the allegations in his Complaint. *See* ECF No. 29 at 3–6. Plaintiff then cites a litany of federal and Nevada statutes, regulations, and cases with cursory or non-existent analysis. *See id.* at 7–13. None of Plaintiff's citations offer a separate cognizable private right of action[1] from the claims

---

[1] By way of example, Plaintiff cites to proposed legislation pending before the Nevada Legislature's next regular session. *See* ECF No. 29 at 10:1–9. Not only does Plaintiff call for speculation as to whether proposed legislation will be enacted, but offering (either by brief or by proposed amended pleading) such as a basis to avoid dismissal is precluded by the relation-back doctrine. *See* FED. R. CIV. P. 15(c).

articulated in his Complaint, and none are availing or squarely address the arguments for dismissal set forth in Defendants' Motion to Dismiss. Plaintiff's demands for extraordinary writ relief and his reliance on Nevada law to bolster his federal claims were already dispatched by the Court. *See* ECF No. 33. Plaintiff fails to address Defendants' entitlement to Eleventh Amendment immunity, Plaintiff's lack of a sufficient nexus to justify injunctive relief, and his failure to state claims based on deficient allegations. *See generally* ECF No. 26 (setting forth the bases for dismissal that Plaintiff left unaddressed). Plaintiff fails to provide cogent argument or rationale linking his citations to the deficiencies in his Complaint identified by Defendants' Motion to Dismiss.

Plaintiff finally offers an anecdote regarding a dispute with his job counselor that resulted in the closure of his employment case, requiring him to open a new case. *See* ECF No. 29 at 14. It is unclear how that purported incident cures in any fashion the deficiencies undermining his claims.

### D. Plaintiff Concedes Defendants' Eleventh Amendment Immunity

Plaintiff's opposition brief appears devoid of any refutation of Defendants' entitlement to Eleventh Amendment immunity. *See generally* ECF No. 29. Defendants are categorically immune to Plaintiff's Americans with Disabilities Act (ADA) Title I claim and Fourteenth Amendment (due process and equal protection) claims. *See* ECF No. 26 at 6–8; *see also Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (ADA Title I does not abrogate states' Eleventh Amendment immunity); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) (state agencies are not amenable defendants for the purposes of constitutional civil rights claims). Plaintiff's failure to argue Defendants' entitlement to Eleventh Amendment immunity suffices as a concession that his claims are barred.

## II. CONCLUSION

Plaintiff's scattershot attempt to cite as many unavailing authorities as possible does not obviate the fundamental defect in his case: Defendants are immune to Plaintiff's claims as a matter of law. No further iteration of amended pleading can nullify the Eleventh

///

Amendment. Plaintiff furthermore fails to provide cogent argument rebutting the bases for dismissal as set forth in Defendants' Motion to Dismiss.

For these reasons and those set forth in Defendants' Motion to Dismiss (ECF No. 26), Defendants respectfully request the Court grant Defendants' Motion to Dismiss (ECF No. 26) and dismiss this case in its entirety, with prejudice.

DATED this 30th day of September, 2020.

AARON D. FORD
Attorney General

By: /s/ *Ian Carr*
IAN CARR
Deputy Attorney General

*Attorneys for Defendants, Nevada Department of Administration's Division of Human Resource Management, and Nevada Department of Employment, Training, and Rehabilitation*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on September 30, 2020, I filed the foregoing, **REPLY IN SUPPORT OF DHRM AND DETR DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE (ECF No. 26),** by this Court's CM/ECF system. Parties will be notified by the Court's notification system.

Steven Cohen
10139 Donald Weese Ct.
Las Vegas, NV 89129
Steven.Cohen@Alumni.UNLV.edu

/s/ *Karen Easton*
Karen Easton, An employee of the
Office of the Attorney General