UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN COHEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA—DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al*.,<br><br>Defendants. | Case No. 2:19-cv-01033-APG-EJY<br><br>ORDER |

Before the Court are two filings by Plaintiff. These include: Petitioner's Notice of Required Referral to Early Neutral Evaluation Program (ECF No. 34), and Petitioner's First Motion to Extend Time to File Discovery Plan/Scheduling Order (ECF No. 39). The Court has considered these motions, Defendant's Response to Plaintiff's Notice of Early Neutral Evaluation (ECF No. 38), as well as the fact that Defendants have filed a Motion to Dismiss (ECF No. 26) and Plaintiff has filed a Motion for Leave to Amend (ECF No. 30),

With respect to Plaintiff's Motion to Extend Time to File Discovery Plan/Scheduling Order, Defendants appear to take the position that discovery cannot commence while a motion to dismiss is pending. ECF No. 39 at 4 (an email exchange between Plaintiff and Defendants in which Plaintiff seeks a Rule 26(f) conference and Defendants decline stating the request is "premature" because discovery "cannot open until motions to dismiss have been decided"). Defendants' position regarding discovery is an incorrect statement of law. That is, a dispositive motion does not generally warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at \*3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. For this reason, a party seeking

a discovery stay carries the "heavy burden" of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). A court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Nevertheless, the court has broad discretion when deciding whether to grant a motion to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In this case, there is no motion to stay discovery presently pending before the Court. Hence, Defendants' position regarding participating in a Rule 26(f) conference is not well taken given that no motion to stay discovery is pending. Plaintiff's request for an extension of time to hold the Rule 26(f) conference is well taken and will be granted under these circumstances.

With respect to Plaintiff's Motion seeking an Early Neutral Evaluation (ECF No. 34), the Court finds referring this matter for an ENE, given the status of this matter and the issues Plaintiff's claims present, would not be a good use of resources at this time. While the Early Neutral Evaluation program is intended to provide an opportunity for a magistrate judge "to give the parties a candid evaluation of the merits of their claims and defenses" (*see* LR 16-6(a)), a review of the Motion to Dismiss evidences that requiring the parties to prepare confidential statements and attend an early evaluation of the claims and defenses is not presently appropriate.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Notice of Required Referral to Early Neutral Evaluation Program (ECF No. 34) is DENIED without prejudice. Plaintiff may renew this motion if Defendants do not seek a stay of discovery within a reasonable time or seek a stay of discovery that is ultimately denied.

IT IS FURTHER ORDERED that Plaintiff's First Motion to Extend Time to File Discovery Plan/Scheduling Order (ECF No. 39) is GRANTED.

1    IT IS FURTHER ORDERED that the parties shall hold a telephonic Fed. R. Civ. P. 26(f) conference within ten (10) court days of the date of this Order.  The parties shall file a single Discovery Plan and Scheduling Order within seven (7) court days after their telephonic Rule 26(f) conference.  Alternative views of discovery may be presented in the single proposed order.

Dated this 14th day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE