UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN COHEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA—DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-01033-APG-EJY<br><br>**ORDER** |

Pending before the Court are Petitioner's First Motion to Extend Time to File Discovery Plan/Scheduling Order (ECF No. 45) and Petitioner's Motion to Renew, or, in the Alternative Join, Remaining Opposition and Reply (ECF Nos. 29 and 36) to Respondents' DHRM and DETR-BVR's Motion to Dismiss (ECF No. 26) to Respondent DHHS-DHCFP's Similarly Situated Motion (ECF No. 42). Petitioner's Motion to Renew is docketed as ECF No. 47.

The Court notes that each Defendant named by Plaintiff in his operative Complaint has filed a Motion to Dismiss Plaintiff's claims or joined in such a motion. *See* ECF Nos. 26, 42, 43, and 44. All of these Defendants are department or subdivisions of the State of Nevada. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). The Eleventh Amendment "bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Id*. Nevada Revised Statute § 41.031(3) states that the State of Nevada does not waive its Eleventh Amendment immunity.

Based on the pending Motions to Dismiss and the likelihood that Plaintiff cannot state a claim upon which relief may be granted in his favor and against the currently named Defendants, the Court exercises its inherent authority to control its docket and discovery in this matter. *Calkins v. Credit One Bank, N.A.*, Case No. 2:16-cv-2602, 2017 WL 956195, at \*1 (D. Nev. Mar. 10, 2017) (citations

1

omitted); *see also* Fed. R. Civ. P. 1.  Specifically, the Court finds that proceeding with discovery would, at this juncture, be a poor use of time and effort for itself, counsel, and the litigants.

With respect to Plaintiff's Motion to Renew (ECF No. 47), Plaintiff appears to seek to incorporate the arguments made in his opposition to the "State HR and the Bureau's Motion to Dismiss," docketed as ECF No. 29, as well as the arguments in his Sur-Reply (ECF No. 36), into an opposition to the Motion to Dismiss filed by Defendant, State of Nevada Department of Health and Human Services, Division of Health Care Financing and Policy pending at ECF No. 42.  However, the Motion Plaintiff has filed is not the proper vehicle for him to do so.  In order for Plaintiff to incorporate his prior filings into an opposition to ECF No. 42, Plaintiff must file a document titled as an Opposition to the Motions to Dismiss he wishes to oppose and incorporate by reference, as if fully set forth therein, his previously filed Opposition and Sur-Reply.

Accordingly,

IT IS HEREBY ORDERED that discovery is stayed in this matter until ten (10) calendar days after the pending Motions to Dismiss and joinders thereto are ruled upon.  If the Motions to Dismiss are granted, no further action by the parties is necessary.

IT IS FURTHER ORDERED that if all motions or all parts of Motions to Dismiss are not granted, counsel for the remaining defendants shall prepare a status report for the Court regarding what parties and/or issues remain pending.  The Court will then issue a discovery plan and scheduling order addressing the remaining issues and/or parties.

IT IS FURTHER ORDERED that Petitioner's First Motion to Extend Time to File Discovery Plan/Scheduling Order (ECF No. 45) is DENIED as moot.

IT IS FURTHER ORDERED that Petitioner's Motion to Renew, or, in the Alternative Join, Remaining Opposition and Reply (ECF Nos. 29 and 36) to Respondents' DHRM and DETR-BVR's Motion to Dismiss (ECF No. 26) to Respondent DHHS-DHCFP's Similarly Situated Motion (ECF No. 42), docketed as ECF No. 47 is DENIED as moot.

DATED THIS 27th day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE