UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN COHEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al*.,<br><br>　　　　Defendants. | Case No. 2:19-cv-01033-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: Counter-Motion for Leave to Amend (ECF No. 30) |

　　　　Pending before the Court is Plaintiff's Counter-Motion for Leave to Amend (ECF No. 30). The Court has considered the Counter-Motion, Defendants' Response (ECF No. 37), and Plaintiff's Reply (EFC No. 40).

**I.　　Background**

　　　　This case commenced on June 17, 2019, with Plaintiff's Complaint. ECF No. 1. On August 1, 2019, the Court issued an Order granting Plaintiff *in forma pauperis* status, but dismissing his Complaint without prejudice. ECF No. 4. Plaintiff timely filed an Amended Complaint on August 29, 2019. ECF No. 6. On December 4, 2019, the Court issued a Report and Recommendation recommending dismissal of the Amended Complaint without prejudice. ECF No. 9. This Recommendation gave Plaintiff the opportunity to file a second amended complaint within 30 days of the date of the Order. *Id*.

　　　　On January 3, 2020, Plaintiff filed his Second Amended Complaint (ECF No. 10), and four days later the Court adopted the Report and Recommendation filed on December 4, 2020. ECF No. 11. The Court screened the Second Amended Complaint ("SAC") on September 8, 2020, and, very liberally construing the same, entered an Order allowing the SAC to proceed. ECF No. 25. On September 25, 2020, Plaintiff filed, *inter alia*, the pending Counter-Motion for Leave to Amend. ECF No. 30. The Counter-Motion for Leave to Amend, if granted, would give Plaintiff a fourth opportunity to plead his complaint. However, the Motion does not attach a proposed third amended complaint. *Id*. A review of Plaintiff's instant Motion to Amend also does not refer to any prior

1

filing as representing the proposed third amended complaint. *Id*. Instead, Plaintiff's filing states that the Counter-Motion is filed "to cure the lacking signature, correct a factual date, and account for subsequent information that has occurred since the original Fourth Amended filing through rewording or deletions, but does not change the underlying allegations." *Id*. at 2.

In Defendants Response to Plaintiff's Motion they point out that amendment as a matter of course under Fed. R. Civ. P. 15(a)(1) is foreclosed and, in any event, Plaintiff proposed amendment is futile because Defendants are entitled to Eleventh Amendment immunity. ECF No. 37 at 2-3. Defendants further argue that Plaintiff's proposed amended complaint, which Defendants identify as ECF No. 28, now lacks assertion of facts included in the SAC on which the SAC was allowed to proceed. *Id*. at 3.

**II.     Discussion**

   A.     <u>Plaintiff's Motion for Leave to Amend Should be Denied Under Local Rule 15-1</u>.

United States District Court for the District of Nevada, Local Rule 15-1 states that "[u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading." Here, Plaintiff fails to attach a copy of his proposed amended pleading to his Motion to Amend. *See* ECF No. 30. This alone is a sufficient basis to deny Plaintiff's Motion.

   B.     <u>Plaintiff Fails to State a Claim Upon Which Relief May be Granted</u>.

A complaint, whether original or through amendment, must include "[a] short and plain statement of … claim[s] showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citation and quote marks omitted). A facially plausible claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citation omitted). The U.S. Supreme Court's decision in *Iqbal* states "that to satisfy Rule 8's requirements, a complaint's allegations must

cross "the line from conceivable to plausible.'" *Hester v. Stout Management*, Case No. 2:20-cv-02115-APG-VCF, 2020 WL 7427522, at *1 (D. Nev. Dec. 18, 2020) *citing Iqbal*, 556 U.S. at 680 *citing Twombly*, 550 U.S. at 547.

Rule 15(a)(1) of the Federal Rule of Civil Procedure states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Plaintiff has amended his Complaint more than once and is not now filing a motion to amend within 21 days after the service of a pleading to which a responsive pleading is not allowed. Thus, Rule 15(a)(1) does not apply to Plaintiff's instant Motion.

Fed. R. Civ. P. 15(a)(2) allows a party seeking to amend to obtain the opposing party's written consent or court leave to file an amended pleading. Motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" that court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). In considering whether to grant or deny a motion seeking leave to amend a complaint, the Court considers whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and, (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

A review of Plaintiff's filing at ECF Nos. 28, which the Court accepts as the proposed third amended complaint, is titled "Signed Fourth or Fifth Amended Petition for Judicial Review/Complaint/Writs of Mandamus and/or Prohibition." This filing does not comply with Rule 8 of the Federal Rules of Civil Procedure, and for this reason, the Motion to Amend should be denied. For the same reasons, Plaintiff's proposed third amended complaint is futile rendering relief under Rule 15(a)(2) unavailable.

The Court's first observation is that the proposed third amended complaint is 39 pages long, including exhibits, and is not styled as a complaint. That is, a review of the body of the proposed third amended complaint shows there are no identified causes of action. Rather, Plaintiff presents a recitation of his work history and terminations followed by a relatively lengthy discussion of law that is mostly

3

inapplicable to Plaintiff's proposed amended complaint. On page 6 of the proposed third amended complaint, Plaintiff refers to Nevada's Administrative Procedures Act and states he is seeking Court review of "the State's Hearing Division[s']" April 25, 2018 decision to dismiss his whistleblower allegations. ECF No. 28 at 6. Plaintiff goes on to state that he brings his lawsuit "as a statement that equal opportunity statutes are not merely a joke, and fully intends to resolve the issues identified in the Memorandum of Points and Authorities through the Legislative Branch … ." *Id*. Plaintiff also states that he seeks judicial review of Nevada's termination decision "for no other reason than to be heard." *Id*. On page 7 of his proposed third amended complaint, Plaintiff discusses the Americans with Disabilities Act Amendment Act. *Id*. at 7. The pages that follow cite to a series of statutes and codes without identifying a cause of action or the relief sought.

To the extent Plaintiff seeks to state an ADA claim against subdivisions of the State of Nevada, this claim fails. The "Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Nevada Revised Statute § 41.031(3) states that the State of Nevada does not waive its Eleventh Amendment immunity. The United State Supreme Court makes clear that congress did not abrogate the state sovereign immunity under Title I of the ADA. *Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001)

To the extent Plaintiff seeks some form of advisory opinion based on his statement that he just wants to be heard, the request fails because federal courts do not issue advisory opinions. That is, the Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 2000) (en banc).

If Plaintiff is asking the Court to review a decision made in 2018 to terminate him pursuant to the Nevada Administrative Procedures Act (the "APA"), this claim also fails. NRS 233B.039(1)(h) states, in pertinent part, that the Division of Health Care, Financing and Policy of the Department of Health and Human Services is exempt from the Nevada APA "except as otherwise

4

provided in NRS 422.390."[1] Likewise, Plaintiff's citations to 36 C.F.R. § 361.56 (ECF No. 28 at 8) provides no relief to Plaintiff, and Plaintiff fails to demonstrate he has exhausted administrative procedures necessary to seek relief under 34 C.F.R. § 361.57(i).

In sum, a review of Plaintiff's proposed third amended complaint demonstrates he fails to state a claim upon which relief may be granted. The Court is not able to draw reasonable inferences that Defendants are liable for some alleged misconduct that can be remedied by the Court.

### III.  Report and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to Amend (ECF No. 30) be DENIED.

IT IS FURTHER RECOMMENDED that the Second Amended Complaint (ECF No. 10) remain the operative complaint in this action.

DATED THIS 13th day of April, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] NRS 422.390 has no relevance to the issues in this case.