UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN COHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD WHITLEY, in his official capacity as Director of the STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS), et al.,<br><br>    Defendants. | Case No. 2:19-cv-01033-APG-EJY<br><br>**ORDER** |

    Pending before the Court are Plaintiff's Motion to File Under Seal (ECF No. 63) and Plaintiff's Emergency Motion for Docket Correction, or in the Alternative, Motion to Extend Time for Service of Process (ECF No. 66).

**I.    Plaintiff's Motion to Seal is denied.**

    On May 10, 2021, Plaintiff filed a Motion for Leave to file proposed summonses under seal because they may include Defendants' home addresses. ECF No. 63. Plaintiff also requests that his Fifth Amended Complaint be filed under seal because "sensitive medical information will be central to the issues before the Court." *Id*. at 3. Plaintiff did not file these documents under seal pending the Court's order on his Motion.

    As the party seeking to seal a judicial record, Plaintiff must meet his burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …" and require only a showing of good cause to seal. *Id.* at 1179-1180.

Courts with the Ninth Circuit are generally in agreement that a request to seal the complaint or material attached to the complaint is considered "dispositive" for purposes of a sealing request. *See*, *e.g.*, *Birch v, Delporto*, 2019 WL 2298699, at *2 (D. Nev. May 30, 2019); *Billman Prop., LLC v. Bank of America, N.A.*, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) (collecting cases). The burden to show compelling reasons is not met by conclusory assertions, but rather the movant must "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. When granted, a sealing order must be narrowly tailored. *McCurry v. Ocwen Loan Servicing, Inc.*, Case No. 2:16-cv-00191-RFB-PAL, 2016 WL 4926430 (D. Nev. 2016) (citing *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984)).

The Court has considered Plaintiff's Motion and the documents sought to be sealed. The Court finds that none warrant sealing. Plaintiff's generalized statement that some medical information will come before the Court throughout the proceedings in this case does not provide good cause to seal Plaintiff's Fifth Amended Complaint. Rather, Plaintiff may request that specific exhibits containing sensitive medical information be sealed if they are filed in the future. The Court has reviewed Plaintiff's Complaint and the attached exhibits and finds that none require sealing at this time.

Further, Plaintiff has not demonstrated good cause to file his proposed summonses under seal. Plaintiff contends that the addresses of the Defendants should be filed under seal because those addresses could be used for "improper purposes." ECF No. 63 at 3. Plaintiff does not elaborate; nor does he indicate which summonses, of the many he has filed in this case, should be sealed. Plaintiff's Motion to Seal is therefore denied.

**II.    Plaintiff's Emergency Motion for Docket Correction is denied as moot.**

On April 20, 2021, Judge Gordon granted Plaintiff leave to file a Fifth Amended Complaint and extended the deadline to serve defendant Department of Health and Human Services – Division of Health Care Financing and Policy to June 1, 2021. ECF No. 61. Plaintiff filed his Fifth Amended Complaint on May 21, 2021, with two attached documents containing proposed summonses. ECF No. 65. On May 24, 2021, Plaintiff filed an Emergency Motion for Docket Correction, asking the Clerk of Court to separate and issue the proposed summonses attached to his Complaint so that he

could effectuate service by the Court's June 1st deadline. ECF No. 66 at 4. In the alternative, Plaintiff asked the Court to extend the service deadline "until a reasonable time has been given for the Clerk's Office to review and issue the summonses." *Id*. On May 26, 2021, the Clerk of Court issued the summonses attached to Plaintiff's Complaint. ECF No. 67. Plaintiff filed executed summonses on June 1, 2021. ECF No. 68. Because Plaintiff was able to effectuate service by the Court's deadline, Plaintiff's Motion is moot.

### III. Order

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to File Under Seal (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Docket Correction, or in the Alternative, Motion to Extend Time for Service of Process (ECF No. 66) is DENIED as moot.

DATED THIS 4th day of August, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3