UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN COHEN,<br><br>    Plaintiff<br><br>v.<br><br>RICHARD WHITLEY, et. al,<br><br>    Defendants | Case No.: 2:19-cv-01033-APG-EJY<br><br>**Order Granting Motion to Dismiss Fifth Amended Complaint**<br><br>[ECF Nos. 69, 70, 83] |

  Plaintiff Steven Cohen brings this disability discrimination action against the directors of four Nevada bureaus and divisions in their official capacities. Construing his complaint liberally,[1] he also sues the bureaus and divisions: the Nevada Department of Employment, Training, and Rehabilitation – Bureau of Vocational Rehabilitation (DETR); the Nevada Department of Health and Human Services – Division of Health Care, Financing, and Policy (DHHS); the Nevada Department of Administration – Division of Human Resource Management (DOA); and the Nevada Department of Conservation and Natural Resources – Division of State Parks (DCNR) (together, the Departments).

  Cohen sues the defendants under Title I of the Americans with Disabilities Act (ADA), the federal Rehabilitation Act, and the Fourteenth Amendment. Additionally, it is unclear whether his fifth amended complaint (FAC) contains a request for me to review a decision of a Nevada State Personnel Commission officer. The directors move to dismiss, for themselves and the Departments. ECF Nos. 69, 70, 71, 74. They argue the Eleventh Amendment bars some of

---

[1] The caption on Cohen's fifth amended complaint mentions only the individual defendants. ECF No. 72 at 2. However, the FAC seems to bring claims against at least some of the Department defendants. *E.g. id.* at 14-15. I will construe Cohen's fifth amended complaint as bringing claims against the Department defendants as well, for completeness.

Cohen's claims and Cohen failed to state claims upon which relief can be granted.  Cohen responds that I may not grant the defendants' motions because he is a person with a disability under the ADA and the defendants did not raise their only defense to his claims: that his request for an accommodation would cause them an undue hardship.

I grant the motions to dismiss because the Eleventh Amendment bars Cohen's claims for money damages against the individual defendants and his claims against the Department defendants, and because Cohen fails to state a claim upon which relief can be granted.  When I denied Cohen leave to amend his prior fifth amended complaint, I explained the deficiencies in that pleading and warned him that if he failed to correct them, I would dismiss his complaint without leave to amend. ECF No. 61 at 2.  I dismiss his complaint without leave to amend because he has not cured the deficiencies despite having multiple opportunities to do so.

**I. BACKGROUND**

Cohen largely realleges the same facts that he alleged in his prior fifth amended complaint. *Compare* ECF No. 28 at 2-7 *with* ECF No. 65 at 3-8.  I summarized that background and the relevant procedural history in my prior order. *See* ECF No. 61 at 2-5.  The parties are familiar with that lengthy background, so I do not repeat it here.  Cohen's FAC adds the following factual allegations:

1. DHCFP Employment

One day after Cohen responded to the Division of Health Care, Financing, and Policy's (DHCFP) denial of his tape recorder request, Cohen met with his immediate supervisor, Marcel Brown. ECF No. 65 at 8.  Cohen alleges that following this meeting, he intended to continue working at the DHCFP past his 11-month performance evaluation, which was set for January 2, 2019. *Id.*  On January 2, however, the evaluation was rescheduled for the following day and

Cohen was terminated. *Id.* Cohen alleges that the DHCFP's delaying his performance evaluation on the day he was terminated demonstrates that the DHCFP's termination reasons are pretextual. *Id.* Cohen wanted to appeal his termination but was told he had no right to do so as a probationary employee. *Id.* at 9.

### 2. Secure Desk Drawer Incident

Cohen worked as an accounting assistant for DCNR between July 20 and August 18, 2020, also under the 700-hour program. *Id.* at 10. One of his responsibilities was to prepare credit card sales reports. *Id.* at 11. Though not specifically alleged, it seems these reports were kept in a secure desk drawer. Cohen admits that on August 18, 2020, he was notified that he had failed to lock that drawer the night before. *Id.* at 12. He was terminated that day. *Id.* at 13.

Cohen alleges that if a meaningful opportunity had been provided, he would have corrected this behavior on future occasions and, with more time, he would have requested reasonable accommodations (for example, to be re-trained) and engaged in an interactive process. *Id.* Cohen alleges that he was not provided with a policy manual concerning workplace behaviors and that he began work in the middle of a busy period, such that he was not sufficiently trained or retrained. *Id.* He would have requested these accommodations had he worked for DCNR for longer. *Id.* Cohen alleges that the DETR had placed a job coach at his DCNR job as a reasonable accommodation, but the job coach was ineffective because they were not trained in accounting. *Id.* at 11-12.

### 3. Human Resources Email Incident

Cohen alleges that the secure desk drawer incident was not the one provided to him as the reason he was terminated, even though he was terminated the morning of the drawer incident. *Id.* at 13. Rather, Cohen alleges that he was told he was terminated because he asked human

resources about scheduling his first performance review, instead of asking his direct supervisors. *Id.* Cohen alleges that had he asked his direct supervisors, they and he would have called human resources anyway. *Id.* Construing Cohen's complaint liberally, he seems to allege that no formal discussion on this incident occurred for some period of time.[2] *Id.* at 10, 13. Cohen alleges that while he did not request any reasonable accommodations for this job, DCNR was aware he had a disability and could have initiated the interactive process if it deemed Cohen's work performance to be substandard. *Id.* at 13. According to Cohen, any reasonable accommodation would not have presented an undue burden. *Id.* at 14. Cohen submitted an inquiry to the EEOC regarding this incident and was issued a right-to-sue letter. *Id.*

    4. <u>Claims</u>

Cohen now sues the defendants under the ADA, the federal Rehabilitation Act, and the Due Process and Equal Protection clauses of the Fourteenth Amendment. He argues I may construe his claims as being brought under 42 U.S.C. § 1983.[3] *Id.* at 15.

Cohen sues each of the individual defendants in their official capacities for money damages, such as back pay, punitive damages, interest, fees, and costs. *Id.* at 21. He also seeks to have his terminations overturned and to be restored to employment with Nevada at the step level he would have achieved had he been continuously employed. *Id.* at 9, 21. Alternatively, he requests to be considered for similarly situated opportunities within all DHHS divisions. *Id.* at

---

[2] Cohen states that no discussion occurring "on the matter" occurred until August 5, 2020, and that he was terminated on August 18, 2020. *Id.* at 10-13. Given this timing, it is not clear what "on the matter" precisely refers to or whether Cohen believes a discussion should have taken place earlier. But construing his complaint liberally, Cohen seems to allege a formal discussion on the email incident should have occurred earlier than it did.

[3] Cohen also states that I can construe his claims as arising under 42 U.S.C. § 1981. I will not do so, however, because § 1981 provides a federal remedy against race-based discrimination, and Cohen alleges disability-based discrimination. *Magana v. The N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997).

4

21. He finally requests that his initial reasonable accommodation request be considered for all similarly situated classifications. *Id.*

## II. ANALYSIS

For a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I apply a two-step process to determine whether a party has stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). First, I must accept as true all well-pleaded allegations and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and "mere conclusory statements" are not entitled to an assumption of truth. *Id.* at 678-79. Second, I must determine whether the complaint's factual allegations put forward a plausible claim for relief. *Id.* at 679. This is a context-specific determination that requires drawing on my judicial experience and common sense. *Id.* Complaints by pro se litigants should be construed liberally, but they must comply with the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). But I may deny leave to amend when there is "repeated failure to cure deficiencies by amendments previously allowed." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

1. <u>States' Eleventh Amendment Immunity for ADA and Fourteenth Amendment Claims</u>

The defendants argue that suits against states under Title I of the ADA are barred as a matter of law. They also argue that neither states nor state governmental agencies are persons for § 1983 purposes. They thus assert that Cohen's ADA and § 1983 claims against the Departments must be dismissed. They also contend that Cohen's §1983 claims and claims for money damages against the Departments are barred by the Eleventh Amendment, as my prior

order stated. They argue that even given the *Ex Parte Young* exception to sovereign immunity, Cohen cannot seek money damages.

The Eleventh Amendment to the U.S. Constitution "prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Volley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S.261, 267 (1997). The Amendment also bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities. *Aholelei v. Dep't of Pub. Safety*. 488 F.3d 1144, 1147 (9th Cir. 2007).

To the extent the FAC asserts claims against departments of the state of Nevada, those defendants are entitled to Eleventh Amendment immunity from Cohen's ADA and Fourteenth Amendment claims because they are arms of the state and there is no congressional abrogation or state waiver of that immunity. *See* ECF No. 61 at 9-12 (setting forth law relevant to Eleventh Amendment immunity). I therefore dismiss with prejudice Cohen's ADA and Fourteenth Amendment claims against the Departments because no amendment could cure this defect.

2. <u>Eleventh Amendment Immunity for State Officials</u>

The defendants argue that the Eleventh Amendment bars claims for money damages against state officials sued in their official capacities, so Cohen's claims for money damages against the directors should be dismissed. Cohen responds that the directors are subject to liability for failure to engage in the interactive process and accommodate Cohen because they are part of a covered employer. He contends that because the directors have final signature authority for their departments and they did not stop the improper conduct, they caused his terminations and lack of post-employment services. He contends that the resolution of personnel matters is

within the directors' scope. He states that he named the departments in the case caption on his FAC only to be able to identify their respective supervising heads as proper parties.

As I explained before, I "may award injunctive relief in a suit against a state official, but [I] cannot award retroactive monetary relief." ECF No. 61 at 10 (citing *Edelman v. Jordan*, 415 U.S. 651, 665 (1974)). The FAC seeks money damages from each of the directors in their official capacities. ECF No. 65 at 21. These claims are barred by the Eleventh Amendment, and I dismiss them with prejudice against the directors.

3. Failure to State a Claim

Cohen's remaining claims are: (1) an ADA claim against the director defendants for injunctive relief; (2) Rehabilitation Act claims against the director defendants for injunctive relief; (3) Rehabilitation Act claims against the Department defendants; and (4) Fourteenth Amendment claims against the director defendants for injunctive relief. I dismiss each of the remaining claims because Cohen fails to state a claim upon which relief can be granted, as explained below.

a. ADA Title I Claim

The defendants argue that Cohen's claim for employment discrimination under the ADA fails because he has not sufficiently alleged that he suffered an adverse employment decision because of his disability. They argue that he failed to cure the previously identified deficiency because he reiterates the same set of non-discriminatory events that led to his termination. They contend Cohen has not shown overt or pretextual discrimination originating from his disability, or how his request for a tape recorder would have salvaged his job placement, especially given that he was offered an alternative accommodation instead. They argue that his pleading about the secure drawer incident does not cure the deficiency, because it does not allege discrimination

that establishes the causation element required for his claim. Further, they argue, Cohen was re-accepted and given a second job placement under the 700-hour program after his first termination, which rebuts his claim that his prior termination was discriminatory. They also argue there is no allegation that DHCFP's proffered reasons for Cohen's termination were pretextual, or that the lack of the tape recorder caused his performance issues.

Cohen responds that the only way I may grant a motion to dismiss is if I find that he is not a person with a disability or that Nevada would suffer an undue hardship by permitting him to use a tape recorder. Cohen argues that he meets the definition of a person with a disability that adversely affects a major life activity under the federal definitions, and that I previously found he was covered by the ADA. He alleges that the defendants have waived an undue hardship defense because they did not raise it, and that there would be no undue hardship anyway. He argues that Director Whitley had a duty to complete an interactive process with him to find a reasonable accommodation. He contends that it is not legal to terminate a probationary employee without engaging in the interactive process concerning reasonable accommodations in good faith.

In my prior order, I explained the legal standard required to support a claim under Title I of the ADA. ECF No. 61 at 15-17. Cohen's FAC realleges largely the same factual allegations related to his DHCFP employment as his prior fifth amended complaint that I dismissed. As it relates to Cohen's DHCFP employment, the FAC still does not sufficiently allege that Cohen suffered an adverse employment decision because of his disability, or that he was fired for performance inadequacies caused by his disability and accommodations would have addressed those inadequacies. *Id.* at 17. Cohen's additional allegation that his performance evaluation at

DHHS was set for the day he was terminated and then rescheduled does not cure this deficiency because it does not allege causation between his termination and his disability.

Cohen alleges two additional workplace incidents in his FAC, but neither of them plausibly alleges he was terminated because of his disability. Cohen alleges that the secure desk drawer incident was partially the result of his own "human error" and that had he had the opportunity, he would have corrected this issue in the future as well as requested a reasonable accommodation to be retrained during a less busy time. ECF No. 65 at 12. Cohen alleges that he emailed a human resources representative instead of his supervisors to inquire about scheduling a review for a less busy time. *Id.* at 13. I construe the FAC liberally as alleging that Cohen was terminated for these incidents, but Cohen does not tie either of these incidents to his disability, other than to say he would have requested reasonable accommodations to correct the secure desk drawer incident. Cohen does not sufficiently allege that he was terminated because of his disability.

If I construe the FAC as alleging that DHCFP and DCNR failed to provide reasonable accommodations and failed to engage in the interactive process, the FAC still would need to allege that he was fired for performance inadequacies caused by his disability and that the accommodations would have addressed those inadequacies. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. 2001); s*ee also* ECF No. 61 at 17 (explaining this standard). With regard to the tape recorder incident, Cohen's allegation that his performance evaluation was rescheduled does not allege facts to support a reasonable inference that he was fired because of his disability, especially because he had been provided an accommodation to assist him in recording monthly minutes, albeit not the accommodation he requested. With regard to the secure desk drawer incident, at most Cohen seems to allege that had he been given

a reasonable accommodation to be re-trained, he would not have made the same mistake again. But Cohen fails to allege that this performance inadequacy was caused by his disability. Rather, he seems to allege that it was caused by being trained during a busy period. *Id.* at 12.  It is not clear what reasonable accommodation Cohen would have requested to correct the performance inadequacy related to the human resources email incident, and Cohen has likewise failed to allege that this performance inadequacy was caused by his disability.

Cohen has failed to sufficiently allege his ADA claim.  I therefore dismiss this claim against the director defendants without leave to amend.

b. Rehabilitation Act Claim

The defendants argue that Cohen fails to state a claim for employment discrimination under the Rehabilitation Act for the same reasons that he fails to do so under the ADA.  They note that my prior order identified similar deficiencies in Cohen's Rehabilitation Act claim as in his ADA claim because he failed to allege the necessary causation element.  They further contend that Cohen does not state whether he has a private right of action or whether he has exhausted relevant state mechanisms as a predicate to filing this suit.

Cohen argues that the Rehabilitation Act requires the directors of DHCFP and DCNR to guarantee equal opportunity in employment.  He argues that had the agency spoken to the job accommodation network, the network would have confirmed that Cohen's request for a tape recorder was reasonable and would not have caused an undue hardship.  And he contends that if Director Whitley had properly supervised his personnel on this issue in the first instance, Director Crowell would not have been a party to the suit because Cohen would not have been terminated by DHCFP.

In my prior order, I noted that it was unclear what provisions of the Rehabilitation Act Cohen based his claims on. ECF No. 61 at 20.  Cohen now seems to base his claims on Section 504 of the Rehabilitation Act.[4]  ECF No. 65 at 15.  To state a claim under that section, a plaintiff must show that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Cohen seems to allege that DETR closed his case prematurely, thereby violating Section 504.  But he also states that I should construe his discrimination claims under Section 504. ECF No. 65 at 15.  To the extent Cohen argues that DETR denied him benefits by closing his case prematurely, he has not adequately alleged that his case was closed because of his disability. And to the extent he alleges that DHCFP and DCNR denied him benefits, he likewise does not sufficiently allege that he was terminated because of his disability, as explained above in the ADA context. *See Bouslog v. Care Options Mgmt. Plans & Supportive Servs., LLC.*, 459 F. Supp. 3d 1281, 1287 (N.D. Cal. 2020) (dismissing Section 504 claim because, while plaintiff was denied services and her disability suffered as a result, the denial of services was not predicated on her status as disabled).  Cohen has failed to sufficiently allege his Rehabilitation Act claim, and I therefore dismiss this claim without leave to amend.

/ / / /

---

[4] To the extent Cohen continues to cite to 34 C.F.R. § 361.56, suggesting he is also alleging that DETR violated this provision when it closed his case prematurely, the FAC suffers the same deficiencies I identified before. ECF No. 61 at 20.  The FAC still does not identify a private right of action for Cohen to pursue a claim under § 361.56, or that he has challenged a vocational rehabilitation services case decision in a state administrative hearing first, as required. *See* ECF No. 65 at 9.

   c. <u>Fourteenth Amendment Claims</u>

The defendants argue that Cohen fails to state a Fourteenth Amendment claim because he fails to allege a set of circumstances indicating he was fired due to his disability. They contend that under a rational basis analysis, Cohen's allegations amount to terminations for performance, not for his disability. They note that Cohen explained the multiple due process mechanisms that were available to him, such as personnel grievances and administrative proceedings, and which he attempted to utilize, so he was afforded procedural due process. Director Whitley contends that Cohen does not state which government actions attributable to him lacked sufficient procedures or what protected interest Director Whitley deprived Cohen of.

Cohen responds that the property right at issue is his continued employment and economic independence. Cohen argues that the Supreme Court has consistently held in favor of equal protection in the context of diversity in employment. He also argues that the Supreme Court and the Ninth Circuit have approved settlements regarding the right to full participation and integration for people with disabilities in the context of independent living and employment. He argues that if the head of the department that supervises Nevada's vocational rehabilitation program cannot direct her subordinates to properly close a case, then the program has failed to empower people with disabilities.

I explained the legal standards applicable to Cohen's Fourteenth Amendment procedural due process, substantive due process, and equal protection claims in my prior order. ECF No. 61 at 18-19. I add that to prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) the lack of adequate process. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). "The Due Process Clause does not create substantive rights in property." *Portman v.*

*Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1988).  Instead, "property rights are defined by reference to state law." *Id.*

Property interests may be created in employment "if there are such rules or mutually explicit understandings that support [a plaintiff's] claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972).  In Nevada, all employees are presumed to be at-will employees. *Sw. Gas Corp. v. Vargas*, 901 P.2d 693, 697 (Nev. 1995); *see also Channey v. Clark Cnty. Sch. Dist.*, 2:16-cv-02085-JAD-GWF, 2017 WL 1179950 at *3 (D. Nev. Mar. 29, 2017) (public employees also presumed to be at-will employees).  In the Ninth Circuit, if employment is probationary or at-will under state law, then the employee has no property interest in their employment. *See Portman*, 995 F.2d at 905; *Brady v. Gebbie*, 859 F.2d 1543, 1548-49 (9th Cir. 1988) (state employees who serve at the will of the appointing authority have no reasonable expectation of continued employment, and thus no property right); *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 331 (9th Cir. 1995) (plaintiff's status as at-will employee negates existence of a property interest in his employment). Probationary employees, like Cohen, may be dismissed from their employment at any time during the probationary period. Nev. Rev. Stat. § 284.290(2).

Construing the FAC liberally, Cohen seems to allege that he was deprived of his right to continued employment[5] by the Departments' failure to engage in the interactive process and DETR's closing his case prematurely.  But because Cohen was a probationary employee, he had no property interest in his continued employment at either DHCFP or DCNR. *See Madden v. Nev.*, No. 2:05–CV–01497–KJD–RJJ, 2007 WL 2688610 at *4 (D. Nev. Sept. 10, 2007) (finding

---

[5] In his response, Cohen also argues that he was deprived of his right to economic independence, but I am not aware of any authority stating that this is a protected interest under the Fourteenth Amendment. ECF No. 72 at 7.

13

Nevada public employee had no property interest in his continued public employment because he was probationary employee).  He therefore fails to sufficiently allege any actionable property interest to support his Fourteenth Amendment procedural due process claim, so I dismiss this claim without leave to amend.

Cohen's substantive due process and equal protection claims based on Nevada Revised Statutes §§ 284.385(2) and (4) suffer from the same deficiency I identified in my prior order.  ECF No. 61 at 19.  Cohen's FAC adds that it is difficult to dismiss a permanent employee, employers frequently terminate people with disabilities for performance reasons rather than provide reasonable accommodations, and Cohen's requested accommodation would not have presented an undue burden. ECF No. 65 at 17-18.  Cohen still has not alleged why the distinctions—between permanent and probationary employees in § 284.385(2), and between disability and other protected classes in § 284.385(4)—fail to meet the low bar set by the rational basis test.  Cohen fails to sufficiently allege a Fourteenth Amendment substantive due process claim or equal protection claim, so I dismiss these claims without leave to amend.

    4.  <u>Effect of Administrative Hearing</u>

In addition to Cohen's ADA, Rehabilitation Act, and Fourteenth Amendment claims, the FAC alludes to a potential request by Cohen for me to review a Nevada State Personnel Commission officer's decision on his whistleblower retaliation claim against DHHS.  In my prior order, I addressed whether this claim would be barred by res judicata. ECF 61 at 12-14.  In his FAC, Cohen states that he "effectively seeks judicial review of [the officer's] decision in the first instance, but . . . no meaningful time or manner to be heard has occurred, when it should have, based upon the State Supreme Court's findings." ECF No. 65 at 9.  He goes on to state that "[u]nfortunately, in light of the Court's controlling rulings, [he] would now only generally seek

to be restored to employment with the State." *Id.* The FAC's requested relief does not seek review of the officer's decision. *Id.* at 21.

Although Cohen does not assert a separate claim to review the officer's decision or seek that relief in the FAC, the defendants argue that to the extent Cohen is asking me to hear an appeal of that proceeding, his request is incompatible with the *Rooker-Feldman* doctrine. Cohen does not respond to this argument. In addition to the deficiencies I previously identified with regard to this request (ECF No. 61 at 13), I do not construe Cohen's FAC as requesting me to review the Nevada State Personnel Commission officer's dismissal, so there is nothing to dismiss.

## IV. OBJECTION TO JUDGE YOUCHAH'S ORDERS

On May 10, 2021, Cohen filed a motion seeking permission to file various documents under seal. ECF No. 63. Judge Youchah denied that motion on August 4, 2021. ECF No. 78. Cohen filed a motion for a status check on March 11, 2022, and Judge Youchah denied that motion as moot later that day. ECF Nos. 81-82. Cohen objects to both orders. ECF No. 83. I have reviewed Cohen's objection, Judge Youchah's Orders, and the underlying papers. Cohen's objection to Judge Youchah's August 2021 Order is untimely, and Judge Youchah's Orders are not "clearly erroneous or contrary to law." Local Rule IB 3-1(a). I deny Cohen's objections.

## V. CONCLUSION

I THEREFORE ORDER that the defendants Richard Whitley, Bradley Crowell, Laura Freed, and Elisa Cafferata's motions to dismiss **(ECF Nos. 69, 70) are GRANTED.** Plaintiff Steven Cohen's fifth amended complaint is dismissed in its entirety, with prejudice. The clerk of court is instructed to enter judgment in favor of the defendants and against the plaintiff and to close this case.

I FURTHER ORDER that Magistrate Judge Youchah's Orders **(ECF Nos. 78, 82) are AFFIRMED**, and the plaintiff's objection **(ECF No. 83) is OVERRULED.**

DATED this 22nd day of March, 2022.

                                                                            ANDREW P. GORDON
                                                                            UNITED STATES DISTRICT JUDGE